IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Chad S. G.,[1] | ) | C/A No.: 1:23-1017-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting | ) | ORDER |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 15]. On September 1, 2023, the court issued an order granting the Commissioner's motion to remand, reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the case for further administrative proceedings. [ECF No. 13]. On November 29, 2023, Plaintiff filed this motion seeking $3,714.71 in attorney fees and $402.00 in costs.[2] [ECF No. 15]. The Commissioner subsequently filed a response indicating she did not oppose payment of the requested amounts. [ECF No. 16]. Given the parties' agreement and Plaintiff's attorney's representations in

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff requests reimbursement for the filing and administrative fees. [ECF No. 15-1 at 2].

her motion and in accordance with 28 U.S.C. § 2412(a) and § 2412(d), the court grants the motion and directs the Commissioner to pay Plaintiff $4,116.71, representing $3,714.71 in attorney fees and $402.00 in costs.[3] This payment shall constitute a complete release from and bar to any further claims Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fee be paid to Plaintiff through payment delivered to Plaintiff's counsel.[4]

IT IS SO ORDERED.

December 5, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[3] Costs shall be paid from the Judgment Fund by the Department of the Treasury in accordance with 28 U.S.C. § 2412(c)(1).

[4] Counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.